IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL A. RODRIGUEZ NEGRON,

    Plaintiff,

    v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

CIVIL NO. 13-1926 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Angel A. Rodríguez Negrón ("Plaintiff") filed this action to obtain judicial review of the final decision of Defendant Carolyn Colvin, the Acting Commissioner of Social Security ("Commissioner" or "Defendant"), denying his application for disability benefits. (Docket No. 1).[1] On May 8, 2014, the Commissioner answered the Complaint and filed a copy of the administrative record. (Docket Nos. 6 and 7). On June 30, 2014, Plaintiff filed a consent to proceed before a United States Magistrate Judge (Docket No. 11).[2] On October 30, 2014, Plaintiff filed his memorandum of law (Docket No. 22) and on December 22, 2014, the Commissioner filed her memorandum of law. (Docket No. 25). After careful review, the Court AFFIRMS the Commissioner's decision.

---

[1] 42 U.S.C. Sec. 405(g), provides for judicial review of the final decision of the Commissioner. "… [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment without remanding the cause for rehearing". Section 205(g).

[2] The government has already provided a general consent to proceed before a Magistrate Judge in all Social Security cases. Title 28 U.S.C. Section 636(b)(1)(A), (c)(1) and (c)(2); Fed.R.Civil P. 73(a).

## ADMINISTRATIVE AND PROCEDURAL HISTORY

On August 26, 2011, Plaintiff, a disabled veteran[3], filed an application for disability benefits, with an alleged onset date of disability of October 29, 2010. The application was initially denied, as was the reconsideration. (Tr. pp. 62-65 and 66-67). Plaintiff then requested an administrative hearing, which was held on March 21, 2013, where Plaintiff was present and testified regarding his alleged disabilities. (Tr. pp. 29-58). On June 27, 2013, the presiding Administrative Law Judge ("ALJ") issued an opinion, finding Plaintiff was not disabled from October 29, 2010 through the last insured date. The ALJ enumerated the following findings of fact in her decision:

1. Plaintiff had met the insured status requirements of the Social Security Act on June 30, 2011.

2. Plaintiff did not engage in any substantial gainful activity during the period from his alleged onset date of October 29, 2010 through his last insured date of June 30, 2011.

3. Through the last date insured, Plaintiff had the following severe impairments: a right shoulder dislocation, a left tibial stress fracture, sinus bradycardia and a bipolar disorder.

4. Through the last date insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[3] In 2006, Plaintiff received a 70% service connected disability due to a mood disorder from the Veteran's Administration ("VA"). He also received a 30% disability rating regarding limitations on the use of his right arm, and a 20% disability determination based on limitations of use of his left knee.

5. Through the last date insured, Plaintiff had the residual functional capacity to perform light work requiring lifting and/or carrying 20 pounds occasionally, and 10 pounds frequently, sitting about 6 hours in an 8 hour workday, standing and/or walking about 6 hours in an 8 hour workday, with no limitations pushing and/or pulling, with occasionally right upper extremity reaching in front and/or laterally and over the shoulder, and with an ability for unskilled work that is simple and routine.

6. Through the last date insured, Plaintiff was unable to perform any past relevant work.

7. Plaintiff was born on November 11, 1977, and was 33 years old, which is defined as a younger individual, age 18-49, on the date last insured.

8. Plaintiff has, at least, a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because Plaintiff is limited to unskilled work.

10. Through the last date insured, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed (counter clerk, furniture rental consultant and account investigator).

11. Plaintiff was not under a disability, as defined in the Social Security Act, at any time from October 29, 2010, the alleged onset date, through June 30, 2011, the date last insured.

Taking all the evidence into account, regarding the limitations imposed by the mental component, although the ALJ found Plaintiff had moderate difficulties in maintaining concentration, persistence and pace, none of these were found to be severe. Tr. p. 17. Plaintiff suffered no episodes of decompensation during the relevant period. Id. The ALJ further found that, in spite of Plaintiff's limitations, and in spite of the VA's 70% mental disability determination, Plaintiff was independent regarding personal care, paying his bills, counting change, taking care of his child and helping him with his homework, and doing household chores, among others. Id.

Regarding the physical component, the ALJ found Plaintiff had some limitations in his right arm due to an injury, but that he had the capacity for light unskilled work. Tr. p. 20. In so doing, the ALJ found that Plaintiff was able to make simple, unskilled and routine work, taking into account the VA's physical disability determinations. The ALJ concluded that Plaintiff was therefore not disabled. The Appeals Council subsequently denied Plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner, subject to review by this Court. Tr. p. 1.

Plaintiff objects the ALJ's final decision denying him disability benefits, alleging that she disregarded or gave little weight to the VA's internal determination of disability. Plaintiff also claims the hypothetical posed to the Vocational Expert was in error, insofar as it did not present all of Plaintiff's limitations. Therefore, Plaintiff argues that the ALJ's

decision was not based on substantial evidence. The Commissioner, on the other hand, argues there is substantial evidence to support the ALJ's conclusion that Plaintiff had the residual functional capacity for light work, and that the correct weight was given to the VA's disability determination.

## LEGAL ANALYSIS

To establish entitlement to disability benefits, the burden is on the claimant to prove disability within the meaning of the Social Security Act. See, Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; see Bowen, 482 U.S. at 140-42; Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982). At step one,

the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If not, the decision-maker proceeds to step two, where he or she must determine whether the claimant has a medically severe impairment or combination of impairments. See, §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e).

Once the ALJ determines that the claimant cannot perform his or her former kind of work, then the fifth and final step of the process demands a determination of whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f). In the case at bar, at step 5, the ALJ determined that while Plaintiff was

unable to return to his past work, he was able to perform other jobs that were available in the national economy.

The Court's review in this type of case is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. See Manso-Pizarro v. Sec'y of Health and Human Servs, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), *quoting* Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The court will set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. See, Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez v. Sec'y of Health and Human Servs, 647 F.2d 218, 222 (1st Cir. 1981).

It is important to note that courts must give deference to the ALJ's interpretation of the medical record and, although an ALJ is not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion, upon the existence of conflicts in the medical record from the report and sources, it is for the ALJ and not this Court to resolve them. See Nguyen v. Chater, 172 F.3d at 31; Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127 (1st Cir. 1981) (the resolutions of conflicts in the evidence and the determination of the ultimate question of disability is for him [the ALJ], not for the doctors or for the courts); see also Rodríguez v. Sec'y of Health and Human Servs., 647 F.2d at 222.

The Court gives short shrift to Plaintiff's first argument, that little or no weight was given to the VA's determination of disability. It was been well established that, while the ALJ should consider the disability findings of other agencies, a VA disability rating is not binding on the Commissioner. See 20 C.F.R. § 404.1504 ("Therefore, a determination made by another agency that you are disabled or blind is not binding on us"); see also Pelkey v. Barnhart, 433 F.3d 575, 579 (8th Cir. 2006) (regulations provide that the Commissioner must ultimately make its disability determination based on social security law, not the rules of other agencies); Werner v. Comm'r of Social Security, 421 Fed.Appx. 935 (11th Cir. 2011) (findings of other agencies are not binding on the Commissioner); Mandrell v. Weinberger, 511 F.2d 1102, 1103 (10th Cir.1975) (although entitled to consideration, finding of disability by Veteran's Administration not controlling). Therefore, the fact that Plaintiff was disabled by the VA is not controlling in this case. Notwithstanding this, the Court finds the ALJ did, in fact, take the VA's disability determinations into account in her analysis.

This case presents some difficulty in the analysis of the relevant findings, insofar as the window of coverage is less than a year, the onset date is October 29, 2010 and the end of coverage is June 11, 2011. A review of the medical record during that period, however, shows Plaintiff's GAF scores [4] ranged from 55-59, which show moderate difficulty in several areas, but not complete impediments. Tr. p. 371. Furthermore, notes from VA just two

---

[4]The Global Assessment of Functioning (GAF) is a numeric scale (0 through 100) used by mental health clinicians and physicians to rate subjectively the social, occupational, and psychological functioning of adults, e.g., how well or adaptively one is meeting various problems-in-living. The score is often given as a range. Since 2013, the GAF is no longer used in the DSM-5. A score 51 - 60 indicates moderate symptoms (e.g., flat affect and circumlocutory speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers).

months before the alleged onset date state that Plaintiff "…is willing to work both outside and inside R shoulder has minor ROM limitations. Vet is willing and capable of doing almost any job. He is determined to change his situation, as he realizes he needs a job. Although he has anxiety with the agoraphobia he is determined to attend work on a daily basis". Tr. p. 683. Additional findings from June, 2011 when coverage ended indicate that, while Plaintiff had limited insight and impaired memory, he was alert and oriented with appropriate affect and in no apparent distress, with no suicidal ideas, had normal and coherent thought process and was oriented as to three spheres. Tr. p. 329.

The ALJ further found that Plaintiff had mild restrictions in daily activities and social functioning, insofar as he performed household chores, took care of his child, helped his child with his homework, managed his own funds and visited his mother, among others. Tr. pp. 72-74. Regarding concentration, the ALJ also found that, while Plaintiff had moderate difficulties, he used a computer, counted change, administered his checking and savings accounts, and that there were no extended episodes of decompensation. Tr. pp. 17 and 73. In short, the ALJ found substantial evidence to sustain her conclusion of mild to moderate restrictions for the applicable time period.

Plaintiff avers the ALJ erroneously considered these daily chores as indicative of the fact that Plaintiff was able to do unskilled light work. Yet, it is the ALJ's responsibility, as well as that of this Court, to review the whole record, including other activities that Plaintiff may or may not do. See Beardsley v. Colvin, 758 F.3d 834 (7th Cir. 2014). ("As we have said, it is proper for the Social Security Administration to consider a claimant's daily activities in judging disability"). Here, the ALJ found ample evidence in the record of the

many other daily activities Plaintiff was able to perform which undermined his allegations of a complete disability. Furthermore, Plaintiff's own testimony at his hearing afforded the ALJ an important opportunity to assess his credibility regarding his condition.

Thus, the record for the relevant time period amply supports the ALJ's conclusion that, while Plaintiff did have a mental disorder, he was capable of functioning with treatment. The ALJ took all these findings, coupled together with the fact that the VA had issued a 70% disability determination for a mood disorder, and correctly concluded that Plaintiff had the ability for simple and unskilled, routine work. Tr. p. 21. To this, she added the additional physical disability determination rendered by the VA, which, together with the medical evidence, sustains a finding that Plaintiff could perform light work, but was limited to reaching in front, laterally, and over the shoulder.

Insofar as the hypothetical questions posed to the vocational expert, there is also substantial evidence on the record to support the questions posed. A Physical Residual Functional Capacity Assessment ("RFCA") was performed in March and again in October, 2011. Tr. p. 97, 108. Both found Plaintiff was able to lift and/or carry 20 lbs. occasionally, lift and/or carry 10 lbs. frequently, sit for 6 hours in an 8 hour day, stand or walk for 6 hours in an 8 hour day, with no limitations for pushing and pulling but with limited reach in his right arm. Tr. pp. 102-103. The first hypothetical presented to the ALJ described precisely the condition that these two RFCA's evidenced. The Court sees no error in this. Tr. pp. 54-55.

Plaintiff takes issue with the fact the ALJ found that Plaintiff was limited in reaching with his right arm, but not in pushing or pulling. To questions posed by Plaintiff's counsel

at the hearing, however, the vocational expert testified that the jobs he mentioned could be performed with one hand if necessary, and they did not require bilateral manual dexterity. Tr. p. 57. This effectively renders this issue moot.

It has been well established that, although the record may support more than one conclusion, we must uphold the Secretary "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Ortíz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (*quoting* Rodríguez, 647 F.2d at 222); see also, Richardson v. Perales, 402 U.S. at 401. Where the facts permit diverse inferences, we will affirm the Secretary even if we might have reached a different result. Rodríguez Pagán v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Lizotte, 654 F.2d at 128.

In view of the above, the Court finds the decision of the Commissioner is supported by substantial evidence in the record as a whole, insofar as Plaintiff's condition did not preclude performance of work dealing with simple tasks and unskilled work, and where he was qualified to perform other jobs available in the national economy. The Court finds the ALJ correctly took into account the VA's disability determinations in her analysis, and further finds the hypothetical posed to the Vocational Expert was correctly premised on the RFC's findings.

## CONCLUSION

For the reasons above discussed, this United States Magistrate Judge finds there is substantial evidence on the record in support of the Commissioner's decision. As such, the Commissioner's decision is AFFIRMED.

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 1st day of April of 2015.

                                     S/CAMILLE L. VELEZ-RIVE
                                     CAMILLE L. VELEZ RIVE
                                     UNITED STATES MAGISTRATE JUDGE